UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JACKSON,

    Plaintiff,

vs.

ROBERT KALZMAREK, et al.,

    Defendants.
_____/

Civil Action No.
08-CV-11630

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT
AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.    Introduction**

Gregory Jackson ("Plaintiff"), a Michigan prisoner currently confined at the Marquette Branch Prison, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of the filing fee. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that he is being held in violation of his constitutional rights. Plaintiff names Saginaw County Circuit Judge Robert L. Kalzmarek, the Saginaw County Circuit Court, the Saginaw County Prosecutor, Saginaw County Public Defender Edward Brady Denton, Michigan Attorney General Mike Cox, Michigan Department of Corrections Director Patricia Caruso, Marquette Branch Prison Warden Gerald Hofbauer, the Marquette County Circuit Court, Marquette County Circuit Court Judge John R. Weber, and Michigan Court of Appeals Judge William C. Whitbeck as defendants in this action. He seeks monetary damages, injunctive relief, and any other

appropriate remedies.

Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted and on the basis of immunity. The Court also concludes that an appeal cannot be taken in good faith.

**II.     Discussion**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

First, Plaintiff's complaint against defense lawyer Edward Brady Denton is subject to dismissal because a public defender or court-appointed counsel, while acting in that capacity, is not a state actor subject to suit under § 1983. *See Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Plaintiff's complaint against defendant Denton must therefore be dismissed.

Second, Plaintiff's complaint against the Saginaw County Circuit Court and the Marquette County Circuit Court must be dismissed as those courts are not "persons" subject to suit under § 1983. Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Accordingly, the United States Court of Appeals for the Sixth Circuit has held that a state court is not a "person" under § 1983. *See Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). Plaintiff's complaint against the two state circuit courts must therefore be dismissed.

Third, Plaintiff's complaint as to all defendants is subject to dismissal to the extent that he is challenging his state court conviction and continued imprisonment – which fails to state a claim upon which relief may be granted under § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing

confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89. *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If Plaintiff were to prevail on the challenge to his state criminal proceedings, the validity of his continued confinement would be called into question. Accordingly, such claims are barred by *Heck* and must be dismissed.

Fourth, Plaintiff has failed to allege any facts to support his assertion that the defendants have violated his federal constitutional rights. Conclusory allegations of unconstitutional conduct are insufficient to state a civil rights claim under § 1983 – some factual basis for the claims must be set forth in the pleadings. *See Jackson v. Madery*, 158 Fed. Appx. 656, 659 (6th Cir. 2005); *Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Plaintiff has not done so. His complaint as to all defendants is therefore subject to dismissal for failing to state a claim upon which relief may be granted.

Fifth, the Saginaw County Prosecutor is absolutely immune from suit to the extent that Plaintiff challenges the prosecutor's decision and actions in pursuing criminal charges against him. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409,

4

430 (1976). This immunity extends to a prosecutor's decision to file a criminal complaint. *See, e.g., Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). Absolute prosecutorial immunity exists even when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Therefore, the defendant prosecutor is entitled to absolute immunity in this regard.

Lastly, Saginaw County Circuit Court Judge Robert L. Kalzmarek, Marquette County Circuit Court Judge John R. Weber, and Michigan Court of Appeals Judge William C. Whitbeck are entitled to absolute immunity in this action. Judges and judicial employees are entitled to absolute judicial immunity as to Plaintiff's claim for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin, et al.*, 109 Fed. Appx. 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Allegations arising from Plaintiff's challenges to his state criminal proceedings and incarceration involve the performance of judicial duties. Defendants Kalzmarek, Weber, and Whitbeck are thus absolutely immune from suit for such conduct and the claims against them must also be dismissed based upon immunity.

## III.     Conclusion

For the reasons stated, the Court concludes that defendant Denton is not a state actor subject to suit under 42 U.S.C. § 1983, that defendants Saginaw and Marquette County Circuit Courts are not "persons" subject to suit under 42 U.S.C. § 1983, that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to all defendants, and that defendants Saginaw County Prosecutor and Judges Kalzmarek, Weber, and Whitbeck are absolutely immune from suit under 42 U.S.C. § 1983. Accordingly, the Court will dismiss Plaintiff's civil rights complaint.

Lastly, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Accordingly,

IT IS ORDERED that Plaintiff's complaint is dismissed.

IT IS FURTHER ORDERED that an appeal from this Opinion and Order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

                                                                s/Bernard A. Friedman
                                                                BERNARD A. FRIEDMAN
                                                                UNITED STATES DISTRICT JUDGE

Dated:  April 30, 2008

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman